**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

## No. 10-1484

ORTECK INTERNATIONAL, INCORPORATED, a Maryland Corporation;
VENETIAN INVESTMENTS, LLC, a Maryland Limited Liability
Company,

Plaintiffs – Appellants,

v.

TRANSPACIFIC TIRE & WHEEL, INCORPORATED, a California
Corporation; GITI TIRE CHINA, a/k/a Grandtour Tire China,
An Alien Corporation; BRIAN CHAN, an Individual; GITI TIRE
(USA) LIMITED,

Defendants – Appellees.

## No. 10-1489

TRANSPACIFIC TIRE & WHEEL, INCORPORATED,

Plaintiff – Appellee,

v.

ORTECK INTERNATIONAL, INCORPORATED, a Maryland Corporation,

Defendant – Appellant,

and

SONNY VEEN, an Individual; DOES 1 THROUGH 50, inclusive,

Defendants.

TRANSPACIFIC TIRE & WHEEL, INCORPORATED,

             Plaintiff – Appellee,

        v.

ORTECK INTERNATIONAL, INCORPORATED, a Maryland Corporation,

             Defendant – Appellant,

        and

SONNY VEEN, an Individual; DOES 1 THROUGH 50, inclusive,

             Defendants.

Appeals from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, Chief District Judge.  (8:05-cv-02882-DKC; 8:06-cv-00187-DKC)

Argued: October 27, 2011          Decided: November 17, 2011

Before DAVIS and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** John Michael Kotzker, LAW OFFICES OF JOHN M. KOTZKER, P.A., Raleigh, North Carolina, for Appellants.  Alec Winfield Farr, BRYAN CAVE, LLP, Washington, D.C., for Appellees.  **ON BRIEF:** Jacob A. Kramer, BRYAN CAVE, LLP, Washington, D.C., for Appellees Transpacific Tire & Wheel, Incorporated, and Brian Chan; Peter L. Winik, LATHAM & WATKINS LLP, Washington, D.C., for Appellees GITI Tire China and GITI Tire (USA) Limited.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The actions in this consolidated appeal arose after the business relationship failed between TransPacific Tire & Wheel, Inc. (TransPacific), a California corporation in the business of purchasing certain brands of tires from China and distributing them in North America, and Orteck International, Inc. (Orteck), a Maryland corporation in the business of distributing tires. From February 2003 to March 2005, Orteck was one of TransPacific's customers. As a customer, Orteck bought tires from TransPacific and sold them to a number of downstream tire distributors.

The first action (TransPacific v. Orteck) began on August 17, 2005, when TransPacific filed suit against Orteck in the United States District Court for the Central District of California. An amended complaint was filed in October 2005. In January 2006, the case was transferred to the United States District Court for the District of Maryland.

In its amended complaint, TransPacific asserted Maryland state law claims for, among other things, breach of contract and conversion. TransPacific's two breach of contract claims alleged that Orteck breached several contracts for its purchases of tires from TransPacific. TransPacific contended that contracts existed between the parties because Orteck sent TransPacific written purchase orders for tires, which

- 4 -

constituted offers for contracts, and TransPacific accepted those contracts by fulfilling Orteck's orders. TransPacific alleged that Orteck breached those contracts by not remitting payment to TransPacific for the tires.

In its conversion claim, TransPacific alleged that Orteck sold all of the tires owned by TransPacific that were stored at a warehouse in Maryland (the Maryland Warehouse), but did not pay TransPacific for those tires. TransPacific argued that Orteck was liable for conversion because: (1) Orteck was a consignee who failed to return or pay for consigned goods; and (2) even if the parties' alleged consignment agreement was invalid, Orteck intentionally exerted unlawful control over TransPacific's property in denial of TransPacific's right to the property.

On March 30, 2010, the district court granted summary judgment to TransPacific and awarded damages to TransPacific in the amount of $2,200,360.07 ($475,129.71 on the breach of contract claims, and $1,725,231.00 on the conversion claim) plus prejudgment interest. With respect to the breach of contract claims, the district court concluded that Orteck entered into several contracts with TransPacific. The district court noted that, for each contract, Orteck sent a written purchase order for tires to TransPacific. Orteck's purchase order constituted an offer to enter into a contract. In response, TransPacific

accepted Orteck's offer for each contract by shipping the tires described in Orteck's purchase order and by issuing an invoice to Orteck. TransPacific arranged for the delivery of tires pursuant to Orteck's instructions for each of the orders. TransPacific provided documents created by Orteck indicating that Orteck placed the orders, TransPacific sent invoices, and bills of lading were prepared showing that the tires were shipped from either the factory in China or TransPacific's California warehouse. Moreover, Orteck neither disputed that the tires for each invoice were delivered, nor produced any evidence to refute the inference that the tires underlying any of the invoices at issue were delivered. Finally, Orteck presented no evidence to show that Orteck paid TransPacific the amounts specified in the invoices.

With regard to the conversion claim, the district court observed that TransPacific made several shipments of tires to the Maryland Warehouse. Orteck admitted that, in October and November 2004, it sold the tires stored by TransPacific at the Maryland Warehouse in a fire sale. Orteck admitted that it had sold or otherwise disposed of tires TransPacific stored in the Maryland Warehouse by March 3, 2005. The district court observed that Orteck's suggestion that TransPacific gave Orteck permission to hold the fire sale was without evidentiary support. Orteck did not pay TransPacific for the tires it sold

in the fire sale.  According to the district court, Orteck's sale of TransPacific's tires, without subsequent payment for those tires, was a distinct act of ownership or dominion exerted over TransPacific's property in denial of TransPacific's right to the tires.

Although the district court had not yet entered a final judgment (there were some claims pending after the March 30 decision), Orteck filed a notice of appeal on April 26, 2010. On April 27, 2010, Orteck filed a Motion to Stay Execution of Judgment and to Waive Supersedeas Bond During Pendency of Appeal.  On July 13, 2010, the district court denied Orteck's motion.  Also on July 13, 2010, the district court granted the parties' joint motion for a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure, dismissing TransPacific's remaining claims without prejudice and finding no just reason to delay final judgment in this action.  Orteck filed a second notice of appeal on August 5, 2010.

The second action (Orteck v. TransPacific) began on October 21, 2005, when Orteck filed suit against TransPacific and some other parties, namely, GITI Tire China (GITI China), Brian Chan, and GITI Tire (USA) Limited (GITI USA).[1]  Amended complaints were

---

[1] GITI China is a tire manufacturer located in China and Indonesia.  GITI USA is a Delaware corporation, which began its operations on November 1, 2005, after acquiring TransPacific's
(Continued)

filed in November 2005 and September 2006. Orteck's Maryland breach of contract and promissory estoppel claims proceeded from allegations that: (1) Orteck was granted an exclusive distributorship to sell certain tire brands in the United States; and (2) TransPacific promised to pay half of all expenses relating to the Maryland Warehouse, which Orteck took steps to purchase.

On June 19, 2009, the defendants moved for summary judgment. On March 30, 2010, the district court granted the defendants' motion. With respect to Orteck's breach of contract claim that it was granted an exclusive distributorship for certain tires, the district court concluded that the alleged agreement failed to satisfy the Maryland Statute of Frauds. The district court noted that the email relied upon by Orteck did not specify a contract or a quantity of goods to be sold. Overall, in the district court's view, Orteck's evidence

---

assets that were related to TransPacific's business with Chinese tire manufacturers. Chan is a California resident and was an employee of GITI China and TransPacific. In addition to Orteck, Venetian Investments, LLC (Venetian) was also a plaintiff in <u>Orteck v. TransPacific</u>. Venetian is owned by the same family that owns Orteck. Venetian assisted Orteck with the financing concerning the attempted purchase of the Maryland Warehouse. Venetian does not appear to be a party in this appeal. <u>See</u> Appellant's Br. at 2 (stating that the "appeal by Orteck International, Inc. . . . presents four main issues").

established that a non-exclusive supplier-customer relationship existed between the parties.

With regard to the breach of contract claim concerning the Maryland Warehouse, the district court concluded that Orteck had not established that an agreement was ever reached so as to create an enforceable contract that could be breached. The district court noted that a final agreement concerning the Maryland Warehouse was never reached, because essential terms of the alleged agreement were never finalized.

The district court also rejected the promissory estoppel claims asserted by Orteck. With regard to the alleged exclusive distribution agreement, the district court noted that Orteck failed to show that there was a clear and definite promise regarding the alleged exclusive distribution agreement, because there was no evidence that a clear and definite promise of exclusive distribution rights was made. The district court also noted that there was no evidence that Orteck reasonably relied on any promise.

With regard to the Maryland Warehouse, the district court noted that there was no clear and definite promise, because Orteck admitted that the agreement between the parties regarding the Maryland Warehouse was never finalized. Because the parties never came to a finalized agreement regarding the Maryland Warehouse, the district court observed that it would have been

unreasonable for Orteck to rely on any representations made by TransPacific concerning the Maryland Warehouse.

On appeal, Orteck makes several arguments. First, Orteck argues that the district court erred when it concluded that the alleged exclusive distribution agreement did not satisfy the Maryland Statute of Frauds. Second, Orteck argues the district court erred when it held that Orteck's promissory estoppel claims failed on the merits. Third, Orteck argues that genuine issues of material fact exist concerning TransPacific's conversion claim.

Upon review of the briefs and the record, and after consideration of oral arguments, we conclude that the district court correctly granted summary judgment to TransPacific in both TransPacific v. Orteck and Orteck v. TransPacific, for the reasons stated in the district court's thorough opinions. Accordingly, we affirm on the reasoning of the district court. See Transpacific Tire & Wheel, Inc. v. Orteck Intn'l, Inc., 2010 WL 1375292 (D. Md. March 30, 2010); Orteck Intn'l, Inc. v. Transpacific Tire & Wheel, Inc., 704 F. Supp. 2d 499 (D. Md. 2010).[2]                                            AFFIRMED

---

[2] In light of our affirmance of the district court's grant of summary judgment in these two cases, Orteck's challenge to the district court's denial of its Motion to Stay Execution of Judgment and to Waive Supersedeas Bond During Pendency of Appeal is moot.